### STATE v. JOHN BRAWLEY.

Court of Quarter Sessions. New Castle. December 16, 1803.

*Rodney's Notes.*

*Vandyke* [for State]. *George Read* [for defendant].

Francis O'Daniel offered to prove his list of voters, cannot say Brawley was at the election.

Joseph Israel, late sheriff, sworn. Number 253 on list [is] Brawley's name. Aforesaid list of 1801 and 1802 on which Brawley's name is not found.

Charles Hamilton. I saw Brawley at the election of 1802. [He] delivered a ticket to O'Daniel who put it in the box.

William Dixon offered to prove a receipt for the year 1799, and 1798, for taxes. Certificate of naturalization, September 1, 1802.

*Vandyke.* Constitution requires an elector to have paid a state or county tax within two years.

*G. Read.* Brawley having paid taxes in 1798 and 1799, it appears he was left off the assessment list, perhaps by neglect. It would therefore seem hard to destroy his right of suffrage, if the Constitution does not absolutely require it.

PER CURIAM. The Constitution [Art. 4] requires the payment of taxes within two years, and the Court have not power in this case to mold or bend the Constitution so as to relieve the defendant on this point. If, however, an elector should be left off by neglect, perhaps he might have his remedy against such officer.

Verdict, not guilty, after jury were up several hours. And Court granted a certificate of probable cause.